NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
:
ANDRE L. SILVERS,          :
                           :     Civ. No. 21-2822 (RMB)
         Petitioner        :
                           :
     v.                    :     **OPINION**
                           :
DAVID E. ORTIZ,            :
                           :
         Respondent        :
_____:

BUMB, United States District Judge

This matter comes before the Court upon Petitioner Andre L. Silvers' petition for writ of habeas corpus under 28 U.S.C. § 2241. (Pet., Dkt. No. 1.) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts,[1] the judge must promptly examine the petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." § 2254, Rule 4. For the reasons discussed below, the Court will dismiss the petition.

---

[1] Rule 4 is applicable to habeas petitions under 28 U.S.C. § 2241 under Rule 1, scope of the rules. § 2254, Rule 1.

I.  BACKGROUND

Petitioner, Andre L. Silvers, a prisoner incarcerated in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), seeks compassionate release or release to home confinement based on the risk that he will develop serious complications, due to his chronic medical conditions, if infected with COVID-19 at FCI Fort Dix, which has recently suffered an outbreak of the virus. (Pet., Dkt. No. 1.) Petitioner has not paid the $5 filing fee nor has he submitted an application to proceed *in forma* pauperis under 28 U.S.C. § 1915(a). While the filing fee deficiency can be cured, this Court lacks jurisdiction to grant compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) or to direct the Bureau of Prisons to release Petitioner to home confinement pursuant to the CARES Act. Therefore, the Court will dismiss the petition for lack of jurisdiction.

If the warden has denied Petitioner's request for compassionate release or has not timely responded to Petitioner's request, he may seek compassionate release from his sentencing court by filing a motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A)(i) in his federal criminal action. See United States v. Raia, 954 F.3d 594, 596 (3d Cir. 2020) ("Section 3582's text requires [compassionate release] motions to be addressed to the sentencing court…."). Further, the Court does not have discretion to release a prisoner pursuant to the CARES Act. Petitioner may

2

seek such relief from the Bureau of Prisons. See Cheek v. Warden of Fed. Med. Ctr., No. 20-10712, 2020 WL 6938364, at *3 (5th Cir. Nov. 24, 2020) (It is the BOP and the Attorney General who have the discretion to consider the appropriateness of home release based on certain statutory and discretionary factors.")

An appropriate Order follows.

**Date: February 22, 2021**

s/Renée Marie Bumb
**RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE**